**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>JESUS ALBERTO REYES-PARRA,<br><br>   Defendant. | Case No.: 1:21-cr-00076 JLT SKO<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)<br><br>(Doc. 84) |

Jesus Alberto Reyes-Parra is a federal prisoner seeking compassionate release under 18 U.S.C. § 3582(c)(2) and the "zero-point offender" provision of the retroactive amendments to the U.S. Sentencing Guidelines ("Amendment 821"). (*See generally* Doc. 84.) The Government opposes the motion, arguing that Amendment 821 is not retroactive as to Defendant and even if it was, Defendant is ineligible for the two-offense level reduction he seeks. (Doc. 91.) Defendant did not file a reply. For the reasons set forth below, Defendant's motion is **DENIED**.

**I.     Background**

On June 26, 2023, Defendant pled guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (Docs. 59, 66.) In advance of sentencing, the probation officer filed a Presentence Investigation Report. (PSR, Doc. 74.) The PSR assigned a total offense level of 31, which included a two-level increase under U.S.S.G. § 2D1.1(b)(1) based on Defendant's possession of a firearm at the time of the offense, a two-level

1

reduction under U.S.S.G. § 3B1.2(b) for his role as a minor participant, and a three-level reduction based on his acceptance of responsibility. (*Id.* ¶¶ 21-30.) The PSR, which was filed on December 21, 2023, indicates that "[t]he Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level." (*Id.* ¶ 20, citing U.S.S.G. § 1B1.11.) Because Defendant had no prior criminal record, he was assigned 0 criminal history points, which resulted in a criminal history score of 0 and placed him in criminal history category I. (*See id.* ¶¶ 36-38.) Based on Defendant's offense level and criminal history category, the advisory sentencing guideline range was 120 to 135 months of imprisonment. (*Id.* ¶ 76.)[1]

At the sentencing hearing, the Court adopted the findings in the PSR without change. (*See* Statement of Reasons (SOR) at 1.) It granted a downward departure for the reasons set forth in Section V of the SOR and applied a downward variance based on the sentencing factors set forth at 18 U.S.C. § 3553(a), which included consideration of Defendant's aberrant behavior, family ties and responsibilities, and lack of criminal history. (*See* SOR at 2-3.) The Court sentenced Defendant to 74 months in custody followed by 60 months of supervised release. (Doc. 81 at 2-3.)

## II.     Legal Standard

In general, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances include compassionate release "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2). In such a case, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*.

District courts conduct a "two-step inquiry" to determine whether to grant relief under

---

[1] Defendant's original guideline calculation was 108 to 135 months. (PSR ¶ 76.) However, Defendant's offense carries a statutory mandatory minimum term of 120 months. (*Id.* ¶ 75 (citing 21 U.S.C. § 841(b)(1)(A).) Because the statutory minimum was greater than the minimum term of the guideline range, the guideline range was increased to 120 to 135 months. (*See id.* ¶ 76, citing U.S.S.G. § 5G1.1(c)(2).)

§ 3582(c)(2). *Dillon*, 560 U.S. at 826. The court begins by "'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* at 827 (quoting U.S.S.G. § 1B1.10(b)(1)) (alteration in original). If the defendant is found "eligible" under the first step, the court considers the § 3553(a) sentencing factors to determine whether, in its discretion, "the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

### III.   Analysis

Effective November 1, 2023, Amendment 821 amended two provisions of the Sentencing Guidelines—"parts A and B, subpart 1"—which applied retroactively. *See* U.S.S.G. § 1B1.10(d) (2023); *see also* U.S.S.G. § 1B1.10(e)(2). Part B, subpart 1 includes what now appears in U.S.S.G. § 4C1.1 as the "zero-point offender" provision, which provides a two offense-level reduction for certain offenders who present zero criminal history points and satisfy the criteria listed in U.S.S.G. § 4C1.1(a). To be eligible for a reduction under this provision, a defendant must meet each of the following criteria:

1. the defendant did not receive any criminal history points from Chapter Four, Part A;
2. the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
3. the defendant did not use violence or credible threats of violence in connection with the offense;
4. the offense did not result in death or serious bodily injury;
5. the instant offense of conviction is not a sex offense;
6. the defendant did not personally cause substantial financial hardship;
7. *the defendant did not possess*, receive, purchase, transport, transfer, sell, or otherwise dispose of *a firearm* or other dangerous weapon (or induce another participant to do so) *in connection with the offense;*
8. the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
9. the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

3

10. the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

U.S.S.G. § 4C1.1(a) (emphasis added).

Defendant claims he is eligible for a sentence reduction under § 4C1.1 because he received zero criminal history points at sentencing. (Doc. 84 at 2.) However, Amendment 821 was already considered when Defendant's guideline sentencing range was calculated. As noted above, the PSR was filed in December 2023, after Amendment 821 took effect. When Defendant was sentenced in January 2024, the Court adopted the findings in the PSR without change, which used "[t]he Guidelines Manual, incorporating all guideline amendments" when determining Defendant's offense level. (SOR at 1; PSR ¶ 20, citing U.S.S.G. § 1B1.11.)[2]

Furthermore, Defendant is not eligible for relief under Amendment 821, because he does not meet all ten requirements set forth at § 4C1.1(a). Specifically, Defendant was ineligible because he did not demonstrate that he "did not possess … a firearm … in connection with the offense." U.S.S.G. § 4C1.1(a)(7). The PSR's offense level computation included a two-level increase based on Defendant's "possession of a Colt .38 caliber semiautomatic handgun at the time of the offense." (PSR ¶ 22.) Defendant may not rely on his satisfaction of one requirement under § 4C1.1(a) while failing to acknowledge the nine that remain.

Because Defendant has not demonstrated that he meets the criteria set forth at U.S.S.G. § 4C1.1(a)(7), he is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the "zero point offender" provision of Amendment 821.[3] The Court does not consider the § 3553(a) sentencing factors. *Dillon*, 560 U.S. at 827.

///

///

---

[2] Section 1B1.11 requires sentencing judges to "use the Guidelines Manual in effect on the date that the defendant is sentenced." U.S.S.G. § 1B1.11(a).

[3] Part A of Amendment 821 amended § 4A1.1(e) "to limit the overall criminal history impact of 'status points' (i.e., the additional criminal history points given to defendants for the fact of having committed the instant offense while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status)." *See* U.S.S.G. § 1B1.10, cmt. n.7. The Court adds that Defendant is also ineligible for relief under this provision, as he was not assigned any status points at sentencing. (*See* PSR ¶¶ 36-37; SOR at 1.)

## IV.     Conclusion and Order

Based upon the foregoing, Defendant's motion for a sentence reduction (Doc. 84) is **DENIED**.

IT IS SO ORDERED.

Dated:     **May 23, 2025**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE