**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS ALBERTO REYES-PARRA,<br><br>Defendant. | Case No.: 1:21-cr-00076 JLT SKO<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)<br><br>(Doc. 87) |

Jesus Alberto Reyes-Parra is a federal prisoner seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) based on the reduced sentencing enhancements under 21 U.S.C. § 851(e), as amended by the First Step Act of 2018. (*See* Doc. 87.) The Government opposes the motion, arguing that a reduction is not warranted because Defendant was not subject to a section 851 sentencing enhancement. (Doc. 90.) Defendant did not file a reply. For the reasons set forth below, Defendant's motion is **DENIED**.

**I.      Background**

On June 26, 2023, Defendant pled guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (Docs. 59, 66.) In advance of sentencing, the probation officer filed a Presentence Investigation Report. (Doc. 74.) The PSR assigned a total offense level of 31, which included a two-level increase under U.S.S.G. § 2D1.1(b)(1) for Defendant's possession of a firearm at the time of the offense, a two-level reduction

1

under U.S.S.G. § 3B1.2(b) for his role as a minor participant, and a three-level reduction based on his acceptance of responsibility. (*Id.* ¶¶ 21-30.) The PSR, which was filed on December 21, 2023, indicates that "[t]he Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level." (*Id.* ¶ 20, citing U.S.S.G. § 1B1.11.) Because Defendant had no prior criminal record, he was assigned 0 criminal history points, which resulted in a criminal history score of 0 and placed him in criminal history category I. (*See id.* ¶¶ 36-38.) Based on Defendant's offense level and criminal history category, the advisory sentencing guideline range was 120 to 135 months of imprisonment. (*Id.* ¶ 76.)[1]

At the sentencing hearing, the Court adopted the findings in the PSR without change. (*See* Statement of Reasons (SOR) at 1.) It granted a downward departure for the reasons set forth in Section V of the SOR and applied a downward variance based on the sentencing factors set forth at 18 U.S.C. § 3553(a), which included consideration of Defendant's aberrant behavior, family ties and responsibilities, and lack of criminal history. (*See id.* at 2-3.) The Court sentenced Defendant to 74 months in custody followed by 60 months of supervised release. (Doc. 81 at 2-3.)

## II. Sentence Reductions under 18 U.S.C. § 3582(c)(1)(A)

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances include compassionate release in extraordinary cases. *See United States v. Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020). Under 18 U.S.C. § 3582(c)(1)(A), "district courts may reduce [a defendant's] term of imprisonment if four conditions are met: (1) the defendant exhausted administrative remedies; (2) 'extraordinary and compelling reasons' warrant a sentence reduction; (3) a sentence reduction is 'consistent with applicable policy statements' issued by the U.S. Sentencing Commission; and (4) the district court considered the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Chen*, 48 F.4th

---

[1] Defendant's original guideline calculation was 108 to 135 months. (PSR ¶ 76.) However, Defendant's offense carries a statutory mandatory minimum term of 120 months. (*Id.* ¶ 75, citing 21 U.S.C. § 841(b)(1)(A).) Because the statutory minimum was greater than the minimum term of the guideline range, the guideline range became 120 to 135 months. (*See id.* ¶ 76, citing U.S.S.G. § 5G1.1(c)(2).)

1092, 1094-95 (9th Cir. 2022); *see also United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (if a court finds that extraordinary and compelling circumstances exist, it must then look at the § 3553 factors to determine if a sentence reduction is warranted).

### III.    Administrative Exhaustion

Section 3582(c) permits a defendant to apply to a federal district court for a sentence modification only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). If the BOP denies a defendant's request within 30 days of receipt of such a request, the defendant must appeal that denial to the BOP's "Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). If the Regional Director denies a defendant's administrative appeal, the defendant must appeal again to the BOP's "General Counsel within 30 calendar days of the date the Regional Director signed." *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.* When the final administrative appeal is resolved, a defendant has "fully exhausted all administrative rights." *See* 18 U.S.C. § 3582(c)(1)(A).

Section 3582(c)(1)(A)'s "administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). In *Keller*, the defendant filed a motion for compassionate release in federal court eight days after the warden received his administrative request, rather than the requisite 30 days. *Id*. at 1283. Keller also did not exhaust his rights to appeal the BOP's failure to bring a motion on his behalf. *Id.* The government objected on these grounds and the district court denied defendant's motion without addressing the government's objection. *Id.* at 1281. On appeal, the Ninth Circuit reviewed the district court's denial for abuse of discretion, finding that "because the government properly objected to Keller's failure to exhaust his administrative remedies, the district court erred by overlooking the government's objection and addressing Keller's motion on its merits." *Id.* at 1283.

Defendant presents no evidence to support a finding that he exhausted his administrative remedies prior to seeking relief in federal court. He also does not allege that he did so. Because the Government has objected (*see* Doc. 90 at 4), § 3582(c)(1)(A)'s mandatory exhaustion requirement

"must be enforced." *Keller*, 2 F.4th at 1282.

## IV. Conclusion and Order

Because Defendant has not demonstrated that he exhausted his administrative remedies with the BOP prior to filing the pending motion for compassionate release, (Doc. 87), the motion is **DENIED** as premature.[2]

IT IS SO ORDERED.

Dated:   **May 31, 2025**

UNITED STATES DISTRICT JUDGE

---

[2] Because the Court concludes that Defendant's motion is premature, the Court need not reach whether extraordinary and compelling reasons merit release or consider the § 3553(a) sentencing factors. *See Keller*, 2 F.4th at 1284 ("[A]lthough a district court must perform this sequential inquiry before it grants compassionate release, a district court that properly denies compassionate release need not evaluate each step"). The Court notes, however, that the statutory provision that Defendant seeks to rely upon appears to be inapplicable here; 21 U.S.C. § 851(e) relates to sentencing enhancements for drug-related convictions based on a defendant's prior felony drug convictions. However, as indicated in the PSR, Defendant had no prior criminal convictions when he was originally sentenced and therefore, an 851 enhancement was not applied to Defendant's sentencing calculation.

4